# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:                                )
                                      )   **JUDGE RICHARD L. SPEER**
Mark and Colleen Anthony              )
                                      )   Case No. 10-37333
         Debtor(s)                    )
                                      )
                                      )

## DECISION AND ORDER

This matter came before the Court after a Show Cause Hearing as to Why Appropriate Sanctions and/or Disgorgement of Attorney Fees Should not be Imposed by the Court against Mr. Thomas Craig Eschrich. (Doc. No. 10). Present at the Hearing were Edward Snyder for the Debtor, and Ronna Jackson for the United States Trustee. Mr. Eschrich did not appear at the Hearing.

The following facts, as partially set forth in the Order setting the Show Cause Hearing, gave rise to this matter:

> On September 15, 2010, Thomas Craig Eschrich filed an "Application for Retirement or Resignation" with the Ohio Supreme Court to resign as an attorney licensed to practice law in Ohio.
>
> On October 20, 2010, Chief Justice Eric Brown of the Ohio Supreme Court entered an Order accepting Mr. Eschrich's resignation as an attorney.
>
> On October 28, 2010, subsequent to the filing of the Application for Retirement or Resignation and subsequent to the date the Order by the Supreme Court was entered accepting his resignation, Mr. Eschrich electronically filed a Petition under Chapter 7 on behalf of the above named Debtors. In Form B203, as submitted with the Petition, Mr. Eschrich certified that he received $1,200.00 for legal services.

At the Show Cause Hearing, Attorney Snyder set forth that, per the request of Mr. Eschrich, he now represented the Debtors, and that Mr. Eschrich had placed in the mail a check for $100.00 for his legal services.

In re: Mark and Colleen Anthony
Case No. 10-37333

Any attorney representing a debtor in a bankruptcy case is required to file a statement of compensation paid or agreed to be paid. 11 U.S.C. § 329(a); FED.R.BANK.P. 2017. A court, either on a motion of a party in interest or on its own initiative, may then review the fee statement. Based then upon this review, if it is determined that the attorney's compensation exceeds the reasonable value of the services rendered, the court may order the disgorgement of the amount of the attorney's fee found to be unreasonable. *In re Kisseberth*, 273 F.3d 714, 721 (6th Cir. 2001); *In re Smith*, 436 B.R. 476, 482-83 (Bankr. N.D.Ohio 2010).

The reasonableness of an attorney's compensation under § 329 is assessed with regards to the particular circumstances of each case. *Id.* at 483. Attorneys undertaking to represent a debtor in bankruptcy have duties to their client both prior to the time the case is filed and after the case is filed. *See, e.g, In re DeSantis*, 395 B.R. 162 (Bankr. M.D. Fla. 2008) (finding that an attorney for consumer debtors has certain essential duties, including some arising after the case is filed); *In re Castorena*, 270 B.R. 504, 530 (Bankr. D. Idaho 2001) (an attorney must be prepared to assist a debtor through the normal, ordinary and fundamental aspects of the bankruptcy process).

In this matter, Mr. Eschrich undertook to represent the Debtors <u>after</u> he had submitted his "Application for Retirement or Resignation" as an attorney. In fact, Mr. Eschrich filed the Debtors' bankruptcy petition <u>after</u> the Order entered by the Ohio Supreme Court accepting his resignation had been entered.

Mr. Eschrich was, thus, not a licensed attorney when he filed the Debtors' bankruptcy petition and was not authorized to practice law in this Court. *See* Local Rule 83.5(b) ("It shall be requisite to the admission of attorneys to practice in this Court that they shall have been admitted to practice in the highest court of any state . . . that they are currently in good standing with such court. . . ."). *See also* Local Rule 83.5(j) ("It shall be requisite to the continuing eligibility of attorneys to practice in this Court that they are currently in good standing with the highest court of any state . .

Page 2

**In re: Mark and Colleen Anthony**
**Case No. 10-37333**

. . All attorneys admitted to practice in this Court are deemed by their signature on any pleading, written motion, and other paper to certify that they are currently in good standing of the Bar of a Court of the United States or of the highest court of any state."). In sum, pursuant to the Rules governing attorneys in this Court, at the time his resignation as an attorney was accepted by the Supreme Court of Ohio, Mr. Eschrich's privilege to practice law in this Court was contemporaneously terminated.

Under these circumstances, Mr. Eschrich was, for all practicable purposes, simply performing the functions of a bankruptcy petition preparer. *See* 11 U.S.C.§ 110(a)(1). ( A "bankruptcy petition preparer" is defined as "a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing."). As such, Mr. Eschrich should be allowed compensation for the preparation of the Debtors' bankruptcy documents.

Under General Order 05-3, as in effect for the bankruptcy courts in the Northern District of Ohio, it is provided that the "presumptive maximum allowable fee chargeable by a bankruptcy petition preparer in any case is $125." Pursuant to 11 U.S.C. § 105(a) and § 329(a), the allowable amount of Mr. Eschrich's fees for his services to the Debtors shall be limited to this amount. Therefore, with due allowance made for the $100.00 mailed by Mr. Eschrich to Attorney Snyder, Mr. Eschrich shall be required to disgorge to this Court the remainder of the $1,200.00 fee he charged the Debtor – *i.e.*, $975.00.

Page 3

**In re: Mark and Colleen Anthony**
**Case No. 10-37333**

Accordingly, it is

**ORDERED** that Mr. Thomas Craig Eschrich is hereby required to timely disgorge to this Court, the United States Bankruptcy Court for the Northern District of Ohio, the sum of $975.00.

***IT IS FURTHER ORDERED*** that, pursuant to Bankruptcy Rule 9021, the Clerk, United States Bankruptcy Court, shall issue a judgment entry in favor of the Court in accordance with the above order.

Dated: January 6, 2011

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 4

# CERTIFICATE OF SERVICE

Copies were mailed this 6th day of January 2011 to:

Colleen Darice Anthony
100 S Main
New London, OH 44851

Mark Steven Anthony
100 S Main
New London, OH 44851

Thomas Craig Eschrich
POB 465
Norwalk, OH 44857

Louis J Yoppolo
1200 Edison Plaza
300 Madison Ave
Toledo, OH 43604-1556

/s/Jennifer S Huff
Deputy Clerk, U.S. Bankruptcy Court